JANET M. HEROLD, Regional Solicitor
BRUCE L. BROWN, Associate Regional Solicitor
EVAN H. NORDBY, Trial Attorney, WSBA #35937
U.S. DEPARTMENT OF LABOR
Office of the Solicitor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,[1] <br><br> Plaintiff, <br><br> v. <br><br> DILL'S STAR ROUTE, INC., an Oregon corporation; LAPO, INC., an Oregon corporation; OPAL DILL, an individual; LARRY DILL, SR., an individual; and STACY NASH, an individual,[2] <br><br> Defendants. | Case No.: 3:12-CV-1580-HA <br><br> **CONSENT JUDGMENT AND ORDER** |

WHEREAS Plaintiff, SETH D. HARRIS, Acting Secretary of Labor, United States

Department of Labor, has filed a Complaint; and Defendants DILL'S STAR ROUTE, INC., an

Oregon corporation; LAPO, INC., an Oregon corporation; OPAL DILL, an individual; LARRY

---

[1] Seth D. Harris was appointed as Acting Secretary of Labor on January 24, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), the caption has been changed to reflect the appointment.

[2] By stipulation of the parties herein, the caption has been changed to specify that "Larry Dill, Sr." rather than simply "Larry Dill" is a defendant in this matter.

DILL, SR., an individual (collectively, "Defendants"); and STACY NASH, an individual, have appeared; and

WHEREAS, without admitting or denying the truth of any of the allegations in the Complaint, Defendants waive further findings of fact and conclusions of law and agree to the entry of this Consent Judgment and Order;

it is, therefore, upon motion of the Parties, and for cause shown:

(1)     ORDERED that Defendant STACY NASH shall be dismissed with prejudice; and

(2)     IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, and employees and all persons acting or claiming to act on their behalf and interest be, and hereby are, permanently enjoined and restrained from violating the provisions of Section 7 and 11 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201-19), hereinafter referred to as the Act, in the following manner:

(a)     Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed, except as provided by Section 13 of the Act; and

(b)     Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve records as prescribed by the regulations duly promulgated under Section 11(c) (29 C.F.R. §516), showing employees' hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time earnings for each workweek, the total overtime excess compensation, the nature and amount of

each deduction made each workweek, and other relevant identifying information pertaining to the employee, with respect to each of their employees.

(c) Defendant LARRY DILL, SR. shall not act directly or indirectly in the interest of Defendants DILL'S STAR ROUTE, INC. and Defendant LAPO, INC., in relation to the employees of Defendants DILL'S STAR ROUTE, INC. and Defendant LAPO, INC., and shall relinquish all economic and operational control over the actions of Defendants DILL'S STAR ROUTE, INC. and Defendant LAPO, INC. in relation to the employees of Defendants DILL'S STAR ROUTE, INC. and Defendant LAPO, INC., including but not limited to control over hiring and firing such employees, and the rates of pay and hours of work of such employees, except as expressly provided in this paragraph. Defendant LARRY DILL, SR. shall resign as director, officer, and employee of Defendant DILL'S STAR ROUTE, INC.; and is hereby enjoined against future service as a director, officer or employee and against exercising authority or role in decision-making similar to that of a director, officer or employee of Defendant DILL'S STAR ROUTE, INC. and Defendant LAPO, INC, except as expressly provided in this paragraph. The express exceptions to the provisions of this paragraph are as follows: 1) Defendant LARRY DILL, SR. shall not be required to relinquish his minority stock ownership interest in Dill's Star Route, Inc.; 2) may be engaged as a bona fide independent contractor-consultant on a transaction-by-transaction basis on behalf of Defendant DILL'S STAR ROUTE, INC. and Defendant LAPO, INC for the purchase, sale, leasing and/or repair of company vehicles, parts, equipment, and inventory, and may be paid for such services, but may not enter the premises of Defendant DILL'S STAR ROUTE, INC. and Defendant LAPO, INC in the course of such engagement(s); and, 2) Defendant LARRY DILL, SR. may be employed by Defendant DILL'S STAR ROUTE, INC. and Defendant LAPO, INC as a substitute truck driver

for a regular full time or holiday seasonal driver who is unavailable for his or her shift, on an as-needed basis solely during the month of December of each year.

(3) IT IS FURTHER ORDERED that Plaintiff shall recover from Defendants the sum total of **$3,000.00** for the employees as listed and allocated and for the dates of work set forth in the attached Exhibit A.

(a) Payment shall be made by certified check payable to "[Employee's Name] or U.S. Department of Labor." The parties represent that said payment shall be made within ten (10) days of the date of entry of this Consent Judgment and Order by this Court, and delivered to a representative of the U.S. Department of Labor, Wage and Hour Division, Portland District Office. Defendant will remain responsible for computing and paying all relevant employer taxes, including any applicable federal, state or local taxes. Defendant shall supply workers' payroll and contact information to the U.S. Department of Labor. Plaintiff shall distribute the funds paid by Defendant under this Consent Judgment and Order to the employees identified in Exhibit A or their estates if that is necessary. Any money not so paid within three (3) years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U.S.C. § 2041.

(4) IT IS FURTHER ORDERED that Defendant shall provide the following notice of employee rights to all of their workers who are not exempt from the overtime provisions of the Act along with their next regularly scheduled payroll checks in the following form:

**Notice of Employee Rights**
The U.S. Department of Labor conducted an investigation of Dill's Star Route, Inc. and Lapo, Inc. for a period beginning January 1, 2008, and determined that certain employees were owed back wages and liquidated damages for their employment during this period. The Fair Labor Standards Act provides that all non-overtime-exempt employees must be paid at least the minimum wage for all hours worked, plus overtime pay at one-and-one-half times each employee's regular rate of pay for each hour over forty (40) hours in a single work week.

        Dill's Star Route, Inc. and Lapo, Inc. have agreed voluntarily to pay back wages and liquidated damages, and take other affirmative steps to comply with the Fair Labor Standards Act.

        If you think you are not being paid in accordance with the law, you can call the U.S. Department of Labor, Wage and Hour Division, at (503) 326-3057 or (866) 487-9243. Your name will be kept confidential.

Defendants may also provide a notice to all employees who are not exempt from overtime provisions.

    (5)    IT IS FURTHER ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

    (6)    IT IS FURTHER ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

DATED this ____3____ day of __September_____, 2013.

_____
UNITED STATES DISTRICT COURT

Presented by:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

EVAN NORDBY
Trial Attorney

_____

United States Department of Labor
Counsel for Plaintiff

Dated: 8/27/2013

Entry of this Judgment is hereby consented to:

*Opal Dill*
Name:
Title: President
DILL'S STAR ROUTE, INC., an Oregon corporation

Dated: 8/12/13

*Opal Dill*
Name:
Title: President
LAPO, INC., an Oregon corporation

Dated: 8/12/13

*Opal Dill*
OPAL DILL, an individual

Dated: 8/12/13

*Larry D Dill Sr*
LARRY DILL, SR., an individual

Dated: august 12, 13

*Stacy Nash*
STACY NASH, an individual

Dated: August 19, 2013

Approved as to form:

_____
GORDON L. OSAKA
Counsel for Defendants

Dated: _Aug. 21, 2013_

## EXHIBIT A

| Name | Work Start Date | Work End Date | Gross Amount Due |
|---|---|---|---|
| Nery Guerra | 12/1/2008 | 10/11/2010 | $1,500.00 |
| David Martinez | 11/1/2008 | 4/4/2009 | $1,500.00 |